INDUSTRIAL CONTRACT CARRIERS, INC.,
*Appellant,*
*v.*
PACIFIC DIESEL POWER COMPANY,
*Respondent.*
(Trial Court No. 409 513, Supreme Court No. 24551)
562 P2d 164

Paul J. Rask, Portland, argued the cause and filed a brief for appellant.

Barbee Lyon, Portland, argued the cause for respondent. With him on the brief was Tonkon, Torp & Galen, Portland.

Before Denecke, Chief Justice, and Howell, Lent, and O'Connell, Justices.

O'CONNELL, Justice Pro Tempore.

**O'CONNELL, J.,** Pro Tempore.

This is an action by the buyer for breach of an implied warranty of fitness for a particular purpose upon the sale of a rebuilt diesel engine by the seller. Defendant counterclaimed, seeking recovery of an unpaid promissory note executed by plaintiff as part payment for the engine. From a judgment for defendant, plaintiff appeals.

An initial question as to the scope of review is raised by plaintiff's contention that the present proceeding is a suit in equity because plaintiff seeks relief under ORS 72.7110(1), which provides that the buyer who revokes his acceptance of goods purchased may cancel and recover so much of the price as has been paid,[1] together with incidental damages resulting from seller's breach.[2]

Plaintiff contends that revocation of acceptance is equated with rescission and thus qualifies as an equity proceeding. It is unnecessary for us to decide whether this contention is correct because upon a de novo

---

[1] ORS 72.7110(1):

"Where the seller fails to make delivery or repudiates or the buyer rightfully rejects or justifiably revokes acceptance then with respect to any goods involved, and with respect to the whole if the breach goes to the whole contract as provided in ORS 72.6120, the buyer may cancel and whether or not he has done so may in addition to recovering so much of the price as had been paid:

"* * * * *."

[2] ORS 72.7250(1), (2)(a):

"(1) Incidental damages resulting from the seller's breach include expenses reasonably incurred in inspection, receipt, transportation and care and custody of goods rightfully rejected, any commercially reasonable charges, expenses or commissions in connection with effecting cover and any other reasonable expense incident to the delay or other breach.

"(2) Consequential damages resulting from the seller's breach include:

"(a) Any loss resulting from general or particular requirements and needs of which the seller at the time of contracting had reason to know and which could not reasonably be prevented by cover or otherwise; * * *."

consideration of the evidence we hold that plaintiff did not carry its burden of proof.[3]

Plaintiff, a long haul trucking company, purchased a rebuilt diesel engine from defendant in January 1974. Defendant knew that the engine was to be used in long haul trucking. The price agreed upon was $5,133.37. Plaintiff paid $2,000 in cash and executed a note for the balance.

During the first month after defendant installed the engine in plaintiff's truck, various minor defects developed in the engine and were repaired by defendant. In March 1974 the engine "seized up," (meaning that one or more of the pistons ceased to move in the cylinder due to cylinder block distortion), rendering the engine inoperable. Defendant completely rebuilt the engine at no expense to plaintiff and returned the truck in early April 1974. Later that month, after several thousand miles of use, the engine again "seized up," and defendant refused to repair it. Plaintiff removed the engine from the truck and returned it to defendant in June 1974.

Plaintiff instituted this action against defendant, seeking return of the $2,000 paid, cancellation of the note, and damages incurred as a result of the engine

---

[3]The view has been expressed that revocation under the Uniform Commercial Code does not necessarily constitute rescission in equity. *See* White and Summers, Uniform Commercial Code 246-49 (1972), wherein, upon the authors' interpretation of the commentaries appended to § 2-608 of the Code, it is concluded that:

"If the seller has not committed mistake, fraud, or the like, we believe that the Code preempts the field and the buyer's only rights to return the goods are those stated in Article Two."

*Cf. Lanners v. Whitney,* 247 Or 223, 428 P2d 398 (1967), where there was a false but innocent representation as to the condition of the goods, thus constituting a basis for rescission on traditional equitable grounds. The court held that the plaintiff was entitled to rescission and also to the remedies under ORS 72.7110 and 72.7150 for expenses reasonably incurred as a result of the seller's breach. The court did not address the question of whether the Code preempts the field where traditional equitable grounds are lacking and the action is based solely upon an implied warranty for a defective product. *See also, Wadsworth v. Tollycraft Corp.,* decided March 3, 1977.

failure. Plaintiff's claim was based upon an implied warranty of fitness for a particular purpose. Defendant denied liability and counterclaimed, seeking payment on the note.

Several witnesses gave their opinions as to why the engine had "seized up." Plaintiff's vice president testified that the failure was due to "metal fatigue." There was testimony that there were various possible causes for such an engine failure not attributable to a defect in the engine, including the lack of lubrication or a poor grade of oil or fuel, insufficient coolant, an inadequate exhaust system, and other non-engine defects. Plaintiff's expert stated that his investigation had not been extensive enough to declare that any one of these causes was more likely than another. Defendant produced two employes whose testimony was to the effect that the most likely cause of the engine failure in this case was failure to maintain a proper amount of lubrication in the engine. The lubrication of the engine was the responsibility of the plaintiff. There was evidence that plaintiff's drivers had reported low oil pressure and that no oil had been added since the truck was returned in early April.

The trial court concluded: "There is just not enough evidence that will allow the court to refrain from speculation as to what caused the 'seizure' and affirmatively state that plaintiff has proved its case by the required preponderance." Upon an independent appraisal of the evidence, we have arrived at the same conclusion reached by the trial court.

Judgment affirmed.