Argued December 20, 1978, affirmed January 29, 1979

# ATLAS MUTUAL INSURANCE COMPANY et al, *Appellants,*

*v.*

# MOORE DRY KILN COMPANY OF OREGON,
*Defendant-Respondent and Third Party Plaintiff.*
## (No. A7611-15509, CA 11119)

589 P2d 1134

Thomas S. Moore, Portland, argued the cause for appellants. With him on the briefs was Morrison, Dunn, Cohen, Miller & Carney, Portland.

Gary V. Abbott, Portland, argued the cause for defendant-respondent and third party plaintiff. With him on the brief was Jones, Lang, Klein, Wolf & Smith, Portland.

Before Schwab, Chief Judge, and Richardson and Joseph, Judges.

SCHWAB, C. J.

## SCHWAB, C. J.

The issue here is whether a provision in a sales contract limiting the seller's liabilities operated as a bar to a tort action based on both strict liability and negligence.

Plaintiffs' insured, Seneca Sawmill, sustained fire damage to a dry kiln purchased from defendant. Plaintiffs compensated Seneca for its losses and sought to recover as subrogees against defendant. They alleged that the fire was caused by a defect in one of the kiln's components parts and that they were entitled to relief on either a strict liability or negligence theory. Defendant interposed as an affirmative defense a limitation-of-liability provision contained in the written contract of sale of the allegedly defective kiln. The provision states:

> "THERE ARE NO WARRANTIES, EXPRESS OR IMPLIED, INCLUDING THE WARRANTY OF MERCHANTABILITY, EXCEPT AS SPECIFICALLY SET FORTH HEREIN. All new material furnished hereunder is warranted against any defect in materials or workmanship, providing claim therefor is made in writing within 1 year after installation of such equipment. Our obligation on any claims is limited to replacement or repair of the defective part or material, f.o.b. North Portland, Oregon. Except as above stated, we will not be liable for any loss, injury or damages to persons or property resulting from failure or defective operation of any material or equipment furnished hereunder or delay in performance of this agreement, nor will we be liable for direct, indirect, special or consequential damages of any kind sustained by you from any cause. This writing expresses the entire agreement between us and no other agreement, statement or representation shall be binding unless reduced to writing, signed by an officer of this Company and attached hereto."

At the conclusion of a separate trial to the court on defendant's affirmative defense,[1] the court found that

---

[1] All parties stipulated to the separate trial in order to expedite the proceedings.

[ 113 ]

although no representative of Seneca recalled reading the provision and defendant's salesman could not remember discussing it with any of the mill company personnel prior to the execution of the contract, the provision was conspicuous. Seneca was charged with notice of the provision and held to be bound by its terms. Plaintiffs contend that the trial court erred in concluding that the provision was enforceable, and that, in any event, the provision did not preclude maintaining an action for negligence.

■■ Courts are generally reluctant to treat exculpatory clauses or limitations of liability with favor. However, such a limitation will be upheld when it is part of a bargain in fact between business concerns that have dealt with one another at arm's length in a commercial setting. *K-Lines v. Roberts Motor Co.,* 273 Or 242, 541 P2d 1378 (1975). The contracting parties in this case are both business enterprises. To be part of their bargain in fact, the provision limiting the defendant's liability must have been bargained about, brought to Seneca's attention, or be conspicuous. *See K-Lines,* 273 Or at 254. Here, whether the provision was part of their bargain in fact depends on whether it was conspicuous. Under ORS 71.2010(10), "(a) term is conspicuous when it is so written that a reasonable person against whom it is to operate ought to have noticed it." The provision at issue here is not hidden in small print somewhere within a lengthy written agreement. Rather, it is located squarely in the middle of a one-page contract of sale. The provision begins with a bold-faced disclaimer of all warranties. That disclaimer is conspicuous as a matter of law. ORS 71.2010 (10). Further, the disclaimer language would cause a reasonably prudent person engaged in business to advert to the immediately following language which limits the mill company's remedies to the repair or replacement of defective parts or materials for one year following installation of the kiln and absolves defendant of any further liability. The provision is conspicuous and hence was part of the bargain struck between Seneca and defendant.

■ Plaintiffs' second argument is that even if the provision was conspicuous, it did not express a crystal-clear intent by the parties to exempt defendant from liability for negligence. *See* 2 Harper and James, The Law of Torts 1589, § 28.25 (1956). However, the provision unambiguously manifests defendant's intent to be held free from all liability arising "from any cause." Seneca's execution of the contract was an assent to be bound by the provision. Since there is no evidence suggesting that the contract was adhesionary or contrary to public policy, there is no reason not to enforce it. *See K-Lines v. Roberts Motor Co., supra.*

Affirmed.