OREGON AZALEAS, INC., an Oregon Corporation, Plaintiff–Appellee,

v.

WESTERN FARM SERVICE, INC., a Delaware Corporation, Defendant–Appellant.

Oregon Azaleas, Inc., an Oregon Corporation, Plaintiff–Appellant,

v.

Western Farm Service, Inc., a Delaware Corporation, Defendant–Appellee.

Nos. 02–35072, 02–35143.
D.C. No. CV–00–01348–KI.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 4, 2003.

Decided March 19, 2003.

Before O'SCANNLAIN, FERNANDEZ, and FISHER, Circuit Judges.

## MEMORANDUM[*]

When plants grown by Oregon Azaleas, Inc. were damaged after it applied a product sold to it by Western Farm Service, Inc., this action was commenced. Western Farm appeals the grant of judgment against it, and Oregon Azaleas appeals the failure to grant it a larger judgment. We affirm in part, reverse in part, and remand.

In reaching our decision in this diversity action, we apply the law of the state of Oregon as we know or apprehend it to be. *See Paulson v. City of San Diego,* 294 F.3d 1124, 1128 (9th Cir.2002) (en banc).

■ The district court did not err when it granted summary judgment in favor of Oregon Azaleas on its claim that Western Farm breached an express warranty to deliver a particular product when it delivered a different product.[1] *See* Or. Rev.Stat. § 72.3130(1)(b); *Jorritsma v. Farmers' Feed & Supply Co., Inc.,* 272 Or. 499, 507, 538 P.2d 61, 65 (1975); *Gary Coast Agency,* 101 Or. at 629, 201 P. at 216; *see also Square Deal Mach. Co. v. Garrett Corp.,* 128 Cal.App.2d 286, 293, 275 P.2d 46, 51 (1954). Similarly, the district court did not err when it granted Oregon Azaleas summary judgment on Western Farm's defenses of disclaimer and limitation of liability, on the bases that they conflicted with the express warranty,[2] and were not, at least in part, sufficiently conspicuous.[3] That leads to the question of damages.

■ Under Oregon law, the failure of Oregon Azaleas to discover the fact that it had received the wrong product would preclude its recovery of consequential damages if it was not reasonable for it "to use the goods without such inspection as would have revealed the defects." Or.Rev.Stat. § 72.7150(2)(b) & cmt. 5; UCC § 2–715 cmt. 5. Because that unreasonable behavior would preclude a finding that the damage proximately resulted "from the breach of warranty," *id.,* the tort doctrine of comparative fault does not apply in this contract based area. *See Indus. Contract Carriers, Inc. v. Pac. Diesel Power Co.,* 277 Or. 677, 681, 562 P.2d 164, 165 (1977) (negligence of buyer cuts off causation for breach of warranty); *Markle v. Mulholland's Inc.,* 265 Or. 259, 272–73, 509 P.2d 529, 535 (1973) (in UCC area one must distinguish contract from tort); *id.* at 273–74, 509 P.2d at 536 (O'Connell, C.J., concurring) (same); *McGrath v. White Motor Corp.,* 258 Or. 583, 595, 484 P.2d 838, 844 (1971) (courts must distinguish strict liability, a tort concept, from warranty, a contract concept); *Landers v. Safeway Stores, Inc.,* 172 Or. 116, 138–39, 139 P.2d 788, 796 (1943) (negligence of buyer cuts off causation from breach of warranty); *Gladhart v. Oregon Vineyard Supply Co.,* 164 Or.App. 438, 458–59 & n. 10, 994 P.2d 134, 146 & n.

---

[*] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Nevertheless, we also agree with the district court that Oregon Azaleas did not present sufficient evidence to allow a determination that it relied on Western Farm to supply a product that was fit for the particular purpose for which Oregon Azaleas used the product in question. *See* Or.Rev.Stat. § 72.3150; *Gary Coast Agency, Inc. v. Lawrey,* 101 Or. 623, 629, 201 P. 214, 216 (1921).

2. *See* Or.Rev.Stat. § 72.3160(1); *Miller v. Hubbard–Wray Co.,* 52 Or.App. 897, 902–04, 630 P.2d 880, 883–84, *amended by* 53 Or.App. 531, 633 P.2d 1 (1981).

3. *See* Or.Rev.Stat. § 71.2010(10); *Seibel v. Layne & Bowler, Inc.,* 56 Or.App. 387, 391–92, 641 P.2d 668, 671 (1982); *Miller,* 52 Or. App. at 902, 630 P.2d at 883; *cf. Duyck v. Northwest Chem. Corp.,* 94 Or.App. 111, 115–16, 764 P.2d 943, 945–46 (1988).

10 (1999) (contract cases must be distinguished from tort cases), *rev'd on other grounds,* 332 Or. 226, 26 P.3d 817 (2001); *see also Upjohn Co. v. Rachelle Labs., Inc.,* 661 F.2d 1105, 1108–10 & nn. 3–6 (6th Cir.1981) (buyer negligence cuts off proximate causation in UCC breach of warranty claim); *Redfield v. Mead, Johnson & Co.,* 266 Or. 273, 285–86, 512 P.2d 776, 781 (1973) (Denecke, J., concurring) (UCC warranty case is different from strict liability in tort). Rather, Western Farm is liable for the azalea damage which followed its breach of warranty,[4] unless the causal chain was broken by the unreasonable failure of Oregon Azaleas to discover the defect before it used the Triangle copper sulfate on those plants.[5] Therefore, the district court erred when it instructed the jury on comparative negligence and refused to instruct on the principles set forth above.[6] That error was not harmless. *See Swinton v. Potomac Corp.,* 270 F.3d 794, 802 (9th Cir.2001); *Kennedy v. S. Cal. Edison Co.,* 268 F.3d 763, 770 (9th Cir. 2001). Thus, we must reverse and remand for a new trial on the consequential damages issue.

AFFIRMED in part, REVERSED in part, and REMANDED for a retrial on the issue of damages. The parties shall bear their own costs on appeal.

---

**4.** Or.Rev.Stat. § 72.7150(2)(b).

**5.** UCC § 2–715 cmt. 5.

**6.** Incidentally, we see no abuse of discretion in the district court's rejection of Western Farm's Federal Insecticide, Fungicide & Rodenticide Act evidence. *See* Fed.R.Evid. 402,

403; *Janes v. Wal–Mart Stores, Inc.,* 279 F.3d 883, 886 (9th Cir.2002). However, we do not preclude the district court from reconsidering that issue at any retrial.

