**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY, an Alaska corporation,<br><br>Plaintiff - Appellant,<br><br>and<br><br>EMPLOYERS INSURANCE COMPANY OF WAUSAU, a Wisconsin corporation,<br><br>Plaintiff,<br><br>v.<br><br>KINDERCARE LEARNING CENTERS, INC., a Delaware corporation,<br><br>Defendant - Appellee. | No. 09-35015<br><br>D.C. Nos. 3:07-cv-00642-KI<br>3:07-cv-00978-KI<br><br>MEMORANDUM [*] |
| AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY, an Alaska corporation,<br><br>Plaintiff,<br><br>and | No. 09-35060<br><br>D.C. Nos. 3:07-cv-00642-KI<br>3:07-cv-00978-KI |

_____

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

EMPLOYERS INSURANCE COMPANY
OF WAUSAU, a Wisconsin corporation,

Plaintiff - Appellant,

v.

KINDERCARE LEARNING CENTERS,
INC., a Delaware corporation,

Defendant - Appellee.

Appeal from the United States District Court
for the District of Oregon
Garr M. King, District Judge, Presiding

Argued and Submitted December 9, 2009
Portland, Oregon

Before: FARRIS, D.W. NELSON and BERZON, Circuit Judges.

American International Specialty Lines Insurance Company and Employers

Insurance Company of Wausau (American International) appeal the district court's

entry of summary judgment indemnifying Kindercare Learning Centers, Inc.

(Kindercare) for its own negligence in connection with injuries sustained by

Nicholas Dawson.  The district court ruled that an indemnity provision contained

in a separate writing was incorporated by reference into a contract between

Kindercare and the insured, School Specialty, that it was unambiguous, and that it

was conspicuous.

2

Under Oregon law, "[w]hen a written contract refers in specific terms to another writing, the other writing is part of the contract." *Garrett v. State Farm Mut. Ins. Co.*, 829 P.2d 713, 716 (Or. Ct. App. 1992). The contract executed by Kindercare and School Specialty states, "This Agreement shall provide pricing and discount terms to supplement the vendor information packet executed by School Specialty on January 25, 2002." Even though School Specialty's vendor information packet itself was rejected by Kindercare and so did not result in the formation of a contract at that time, its terms are clearly and specifically incorporated into the subsequent agreement.

Although a reference to another document for a specific purpose makes the document a part of the contract for the purpose specified only, *Wallace v. Oregon Engineering & Construction Co.*, 174 P. 156, 157 (Or. 1918), there is no limitation on the purposes for which the vendor information packet is incorporated into the contract here. The contract includes, therefore, all terms contained in the vendor information packet.

American International argues that the indemnity provision is ambiguous in light of a second indemnity provision in the contract that does not cover negligent acts. Because of this ambiguity, American International maintains, canons of construction that counsel against extending indemnity to cover negligence dictate

3

that the more generous indemnity provision not be enforced. *See Cook v. Southern Pacific Transportation Company*, 623 P.2d 1125, 1128 (Or. Ct. App. 1981). The two provisions, however, do not conflict. There is nothing in the second indemnity provision that excludes indemnity for negligent acts; rather, the second provision is simply silent on the question of negligence. Accordingly, the contract is not ambiguous with respect to whether indemnity extends to negligent acts, and the cited canons of construction do not apply. *See Yogman v. Parrott*, 937 P.2d 1019, 1022 (Or. 1997).

American International next argues that the indemnity provision is unenforceable because it is not conspicuous. Kindercare does not contend that the indemnity provision at issue was specifically bargained for or that it was brought to School Specialty's attention at the time of contracting, so it must be conspicuous to be enforceable. *See Young v. Continental Crane & Rigging Co.*, 53 P.3d 465, 467–68 (Or. Ct. App. 2002). Oregon statute provides:

> A term or clause is conspicuous when it is so written that a reasonable person against whom it is to operate ought to have noticed it. A printed heading in capitals . . . is conspicuous. Language in the body of a form is "conspicuous" if it is in larger or other contrasting type or color.

Or. Rev. Stat. § 71.2010(10).

4

We conclude that the indemnity provision covering negligence is not conspicuous. It is printed in 8-point, black type on page six of an eleven page agreement. The type is identical to the rest of the print on the page. *See Seibel v. Layne & Bowler, Inc.*, 641 P.2d 668, 670 (Or. Ct. App. 1982) ("[A] provision is not conspicuous when there is only a slight contrast with the balance of the instrument."); *Anderson v. Ashland Rental, Inc.*, 858 P.2d 470, 471 (Or. Ct. App. 1993) (finding a disclaimer not conspicuous because it was one of eight sections on the back of a form, all printed in the same faint type, with identical headings).

Although the paragraph begins with the heading "INDEMNITY AGREEMENT," that heading provides no indication that the paragraph includes indemnification for negligence. Contrary to Kindercare's submission, there is no Oregon case holding that a capitalized topical heading is sufficient to make the ensuing text of the warranty disclaimer or indemnity provision conspicuous if it otherwise is not. *Cf. Atlas Mutual Insurance Co. v. Moore Dry Kiln Co.*, 589 P.2d 1134, 1135–36 (Or. Ct. App. 1979) (holding that a warranty disclaimer was conspicuous in part because the words "There are no warranties, express or implied, including the warranty of merchantability, except as specifically set forth herein" were themselves capitalized); *Duyck v. Northwest Chemical Corp.*, 764 P.2d 943, 945 (Or. Ct. App. 1988) (holding that a warranty disclaimer was

conspicuous in part because the words "Seller makes no warranty whatsoever, express or implied, of merchantability or fitness for a particular purpose" were themselves capitalized). Particularly in light of the separate, conspicuous, and much more readable indemnity provision that does *not* cover negligence, the vague heading does not render the indemnity for negligence conspicuous.

Moreover, it is relevant to the conspicuousness determination that these provisions were not part of the contract document at all but of a separate document, rejected by Kindercare at the time it was submitted, dating from a year and a half earlier, and incorporated by reference but not attached to the actual contract. As such, it was certainly not conspicuous in the actual contract document signed by the parties.

For these reasons, we have little difficulty concluding that the indemnity provision that covers negligence is not conspicuous and is therefore unenforceable.[1]

REVERSED and REMANDED.

---

[1]As the indemnity provision is not conspicuous and so not enforceable, we do not reach American International's argument that the indemnity obligation is capped at $1 million by a provision in the vendor information packet specifying "Insurance Requirements."