Argued and submitted June 10, 1987, reversed and remanded with instructions
April 20, reconsideration denied June 10, petition for review denied July 26, 1988
(306 Or 413)

STANDLEY,
*Appellant,*

*v.*

STANDLEY,
*Respondent.*

(E82-0180; CA A41679)

752 P2d 1284

David V. Gilstrap, Ashland, argued the cause for appellant. With him on the briefs was Davis, Ainsworth, Pinnock, Davis & Gilstrap, P.C., Ashland.

James B. Ehrlich, Eugene, argued the cause for

respondent. With him on the brief was Larry O. Gildea, P.C., Eugene.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

NEWMAN, J.

### NEWMAN, J.

Plaintiff appeals a judgment for Richard Allen Standley (defendant) in an action to impose a trust on his real property or the proceeds from its disposition, for a declaration that she possesses an undivided half interest in the property, for an accounting and for equitable compensation. Our review is *de novo*. ORS 19.125(3). We reverse.

Plaintiff and defendant were married for twenty years. They divorced in 1971. During the marriage, defendant owned a construction business. It was a marital asset and included equipment. The principal marital asset was a 900-acre ranch, on which they lived. It was held in defendant's name. The business was in financial difficulty. Defendant borrowed money for the business from Adrian and Vera Standley, his parents, and gave them a mortgage on the ranch as security. The parties separated in November, 1969. In July, 1970, the parents requested a deed to the ranch in lieu of foreclosure, and defendant gave it.

As part of the dissolution proceedings, plaintiff and defendant executed a property settlement agreement in April, 1971. The parents were not parties to it. It was incorporated in the decree and provides:

"3. That during the course of the marriage between the parties, certain real and personal property was accumulated by said parties. That certain obligations were also incurred, including obligations to * * * the parents of Husband * * *. That the Husband has conveyed certain of said property to said parents for the purpose of satisfying the indebtedness due to said parents. That it is understood that it is the intention of the parents to sell said property and return any property left unsold after indebtedness to said parents has been satisfied. The parties hereby agree that if any of the property is returned to either party, or either receives any proceeds from said sale, that each shall own an undivided one-half interest therein. It is the agreement between the parties that each own an undivided one-half interest in any property acquired by the parties during their marriage, which is returned to or conveyed to either of said parties by anyone without further adequate consideration.

"* * * * *

"7. That the parties have accumulated certain equipment during their marriage which has been used by Husband

in the operation of a construction business. Said equipment is heavily encumbered, which encumbrances the Husband assumes and agrees to pay. In the event any of said equipment is sold for any sums over and above the encumbrances on said equipment, then in that event the parties agree to share and share alike any sums received over said encumbrances."

In 1978, defendant executed separate contracts with his parents to purchase two portions of the ranch from them: the "ranch parcel" of 192 acres for $60,000 and the 158-acre "subdivision parcel" for $19,000. At that time, the fair market value of the former was $130,000 and of the latter was $50,000. Defendant paid a total of $9,800 as down payment on both contracts, but he did not pay the annual installments due in 1979 and 1980. In July, 1980, in return for a deed from his parents to the two parcels and cancellation of the contracts, he executed notes of $54,000 and $64,964, secured by mortgages on the ranch parcel only. He has paid nothing on the notes. In September, 1982, plaintiff filed this action and joined the parents as defendants.[1] Defendant retains the ranch parcel, and he has sold portions of the subdivision parcel for more than $500,000.

The court ruled that plaintiff was not entitled to an interest in either parcel. It found that, at the time of the divorce, the parties contemplated that the parents would sell enough of the ranch to satisfy the indebtedness and return any remaining portions and excess proceeds to the parties. It found that the intention in regard to paragraph 3 was to protect plaintiff from the possibility that the parents would reconvey the property to defendant in a sham transaction. The court held, however, that paragraph 3 of the property settlement was ambiguous. The court stated:

"By its very terms, the last sentence applies to transactions 'by anyone.' The language does not, as plaintiff suggests, exclude the parents. If that were the purpose of such, the appropriate language could easily have been inserted.

"By the same token, it is not entirely clear that the agreement was to require 'further adequate consideration' on transactions between the parents and [defendant]. The difficulty

---

[1] Plaintiff's claims against defendant were tried separately from her claims against the parents. The judgment in favor of defendant meets the requirements of ORCP 67B. *See also Standley v. Standley,* 81 Or App 274, 725 P2d 397 (1986).

with [their] analysis is the language used in sentence five. Because it follows the recital concerning the parties' understanding of the intention of the parents, it is at least arguable that consideration was not an issue under those circumstances. Therefore, it is the Court's opinion that the agreement is ambiguous concerning the circumstances under which adequate consideration is required."

The court ruled that plaintiff can prevail "if, and only if, she can prove that the subject transactions were not supported by 'further adequate consideration.' " The court then stated that what defendant gave his parents for the parcels, although not equal to the fair market value, was adequate consideration and that the transactions were "valid" and "made in good faith." Accordingly, it gave judgment to defendant.

■■    Plaintiff first assigns as error that the court ruled that "the agreement is ambiguous concerning the circumstances under which consideration is required." Whether a contract is ambiguous is a question for the court. *Sunset Coatings Co., Inc. v. Dept. of Trans.,* 62 Or App 53, 56, 660 P2d 164, *rev den* 294 Or 792 (1983). If it can be done, the agreement should be interpreted to avoid inconsistencies and to give meaning to all of its terms, including any recitals of the parties' intent. ORS 42.230;[2] ORS 42.240;[3] *See Miller v. Miller,* 276 Or 639, 645, 555 P2d 1246 (1976). In interpreting the agreement, the specific governs the general. *See* ORS 42.240.

The agreement recites:

"That the husband has conveyed certain of said property to said parents for the purpose of satisfying the indebtedness due to said parents. That it is understood that it is the intention of the parents to sell said property and return any property left unsold after indebtedness to said parents has been satisfied."

---

[2] ORS 42.230 provides:

"In the construction of an instrument, the office of the judge is simply to ascertain and declare what is, in terms or in substance, contained therein, not to insert what has been omitted, or to omit what has been inserted; and where there are several provisions or particulars, such construction is, if possible, to be adopted as will give effect to all."

[3] ORS 42.240 provides:

"In the construction of an instrument the intention of the parties is to be pursued if possible; and when a general and particular provision are inconsistent, the latter is paramount to the former. So a particular intent shall control a general one that is inconsistent with it."

The word "property" used in these two sentences is the ranch property. The next to last sentence of paragraph 3 then provides:

> "The parties hereby agree that if any of *the property* is returned to either party, or either receives any proceeds from said sale, that each shall own an undivided one-half interest therein." (Emphasis supplied.)

The words "the property," when read with the preceding sentences of paragraph 3, refer specifically and only to the ranch property.

In contrast, the last sentence of paragraph 3 is general. It provides:

> "It is the agreement between the parties that each own an undivided one-half interest in *any* property acquired by the parties during their marriage, which is returned to or conveyed to either of said parties *by anyone* without further adequate consideration." (Emphasis supplied.)

If that sentence refers to the ranch property, the last two sentences of that paragraph would be inconsistent. We interpret the agreement as a whole to avoid that inconsistency and to allow the specific provision of the preceding sentence to govern over the general provisions of the last sentence.

■ The recitals show that the parties intended that the next to last sentence of paragraph 3 would protect them if the parents returned any of the ranch property, or the proceeds of the sale of any portion of it, to either of the parties. It would be inconsistent with that intent to interpret the contract to provide that either of them would lose the entitlement to an undivided one-half interest simply because the other paid the parents "adequate consideration" for the reconveyance. Indeed, the recitals show that the parties could not have intended that adequacy of consideration would be material if the parents returned a portion of the ranch, because, as the agreement recites, the parties contemplated that the parents intended to *return* the unsold portion of the ranch property *after* the indebtedness had been satisfied. Consistent with the foregoing, the court found that the parties contemplated that the parents would sell enough of the ranch to satisfy the

indebtedness to them and return any portion and excess proceeds to the parties.[4] *See* ORS 42.220.

We hold that the agreement is not ambiguous and that the last sentence of paragraph 3 does not refer to the ranch. It is not necessary, therefore, to reach plaintiff's second, third or fourth assignments of error, which address issues related to the adequacy of consideration.

To avoid defendant's unjust enrichment, plaintiff seeks to impose a constructive trust on the portions of the ranch that defendant holds, or any proceeds from their disposition. *See Barnes v. Eastern & Western Lbr. Co.,* 205 Or 553, 594, 287 P2d 929 (1955). The agreement provides that, if the parents returned any portion of the property to defendant, plaintiff would have an undivided one-half interest in it or in the proceeds received from it. Defendant then would hold title subject to a duty to convey plaintiff's interest to her. Accordingly, plaintiff is entitled to a declaration that defendant is a constructive trustee for plaintiff's undivided one-half interest in the portions of the ranch that he owns and in the net proceeds which defendant has received from any disposition by him of any portions of it. Her interest, however, is subject to a lien in defendant's favor on the ranch property for the value of any improvements he has made to it after the parents reconveyed it and for the value of any consideration he has paid to his parents. Plaintiff is also entitled to an accounting of all transactions by defendant relating to the ranch property and relating to any proceeds which he has received from its disposition and to such other equitable relief as may be appropriate.[5]

Reversed and remanded for entry of a declaratory judgment consistent with this opinion and for further proceedings not inconsistent herewith.

---

[4] The parents returned to defendant only 350 acres of the ranch.

[5] Defendant also asserts that plaintiff had an adequate remedy at law for breach of a contract to convey land and that the court, therefore, lacked "equitable jurisdiction." He argues that plaintiff should be claiming the difference between the fair market value of the land in 1978 and the consideration he paid for it. We disagree. The agreement is not that defendant would convey the ranch property to plaintiff after any reconveyance from his parents but rather that plaintiff would have an undivided one-half interest in any property reconveyed and the proceeds.