Argued and submitted December 16, 1988, affirmed February 8, reconsideration denied March 10, petition for review denied May 2, 1989 (307 Or 719)

DUNN,
*Appellant,*

*v.*

GRACIA et al,
*Defendants,*
*and*

COLUMBIA PACIFIC COUNCIL, INC.,
BOY SCOUTS OF AMERICA et al,
*Respondents.*

(87-3-94; CA A48767)

768 P2d 419

Kevin K. Strever, Newport, argued the cause for appellant. With him on the briefs were William A. Barton and William A. Barton, P.C., Newport.

Peter Chamberlain, Portland, argued the cause for respondents. With him on the brief were Kathryn R. Janssen and Bodyfelt, Mount, Stroup & Chamberlain, Portland.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

In 1985, plaintiff Robert Dunn[1] was 12 years old and a member of defendant Boy Scouts of America (Boy Scouts). Defendant Dan Gracia was the volunteer scoutmaster of plaintiff's troop. Plaintiff was also assigned as the den chief for a group of Cub Scouts whose volunteer cubmaster was defendant Pamela Gracia, Dan's wife. Like her husband, she was a registered "scout leader" of the Boy Scouts. Plaintiff's family and the Gracias were neighbors, and plaintiff had contacts with the Gracias through his friendship with their daughter and other connections, as well as through scouting activities. During the summer of 1985, plaintiff and Pamela engaged in frequent sexual activity, which occurred during both scouting related events and other opportunities that presented themselves. After Dan discovered that his wife and plaintiff were having an affair, he took plaintiff aside at a scouting function and urged him not to reveal the relationship and also admonished him that the affair was contrary to "Boy Scout ideals."

Plaintiff brought this action against the Gracias, alleging that they were aware that he had been sexually abused and were negligent in failing to counsel and supervise him and in failing to refer him for any appropriate professional help. He also named the Boy Scouts of America and its local affiliate, Columbia Pacific Council,[2] as defendants. Plaintiff proceeded against the Boy Scouts solely on a *respondeat superior* theory and did not assert that it was independently negligent. The trial court granted summary judgment and entered a judgment under ORCP 67B for the organizations on the basis of its conclusion that the Boy Scouts had no right of control over the Gracias and, therefore, that no agency relationship existed. Plaintiff appeals.

The parties dispute whether, as a matter of law or uncontroverted fact, the Boy Scouts did have a right to control the Gracias and, consequently, had a master-servant relationship with them. Assuming that there was an agency, the parties also disagree about whether the alleged misconduct of

---

[1] We will refer to him rather than to his guardian *ad litem* as "plaintiff."

[2] Because there is no need to identify the Boy Scouts and Columbia separately in the balance of this opinion, we will refer to them collectively by the former's name.

the Gracias was within the course and scope of the agency. We reach only the second question. The threshold problem is whether the evidence and the applicable law permit the Gracias' conduct to be characterized as plaintiff does. He contends that the actionable conduct was the failure to give counseling and supervision of the kind scout leaders are supposed to provide their charges under various guidelines published by the Boy Scouts. The Boy Scouts respond:

> "[T]he conduct of the Gracias, although artfully pled, does not fall within the scope of the alleged master-servant relation. Plaintiff argues that he is not relying on Mrs. Gracia's sexual misconduct. He is fooling only himself, however, if he thinks it can be ignored. When a 34-year-old woman solicits sexual favors from a precocious 12-year-old boy it strains reason to suggest that she was 'negligently supervising' him. The act speaks for itself. Similarly, when the cuckolded husband discovers the dalliance and tells the boy to stop, is it 'negligent counseling?' Plaintiff is engaged in a clever shell game. The pea, however, is not difficult to find."

We agree generally with the Boy Scouts' point. Although it is obviously possible for an agent to play two roles in connection with an event, one within and one outside the scope of the agency, we hold as a matter of law that that is not what happened here. There would have been no occasion for the Gracias to perform the counseling and related functions that plaintiff alleges were neglected, had it not been for the acts unrelated to scouting which the pleadings and the evidence show that they committed. The Gracias' purported nonfeasance of their counseling and supervisory roles was an extension of that unrelated misconduct: Pamela's failure to counsel the victim of her child abuse was not separable from the abuse itself, and her husband's failure to counsel was manifestly an effort to deal with a family problem instead of and at the expense of any duties that he owed plaintiff as a scout leader. The record conclusively shows that, if they were its agents, the Gracias' activities were not "motivated, [even] partially, by a purpose to serve" the Boy Scouts. *Chesterman v. Barmon,* 305 Or 439, 442, 753 P2d 404 (1988); *see also G.L. v. Kaiser Foundation Hospitals, Inc.,* 306 Or 54, 757 P2d 1347 (1988). Summary judgment was proper.[3]

---

[3] We reiterate that we do not decide whether there was a right of control and that plaintiff does not contend that any right of supervision or control that the Boy Scouts had was negligently performed by the organizations.

Affirmed.