Argued and submitted June 18, 1991, affirmed January 15, reconsideration denied March 4, petition for review denied April 28, 1992 (313 Or 210)

Debra POIRIER,
by and through her guardian, Reta Martin,
*Appellant,*

*v.*

UNITED GROCERS, INC.,
and Joe Craig Weise,
*Respondents.*

(A9006-03411; CA A66675)

824 P2d 1158

Christopher Cournoyer, Portland, argued the cause for appellant. With him on the briefs was Cournoyer & Sussman, Portland.

Joseph C. Arellano, Portland, argued the cause for respondents. With him on the brief was Kennedy, King & Zimmer, Portland.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

WARREN, P. J.

Riggs, J., dissenting.

## WARREN, P. J.

Plaintiff brought this action to recover damages for personal injuries that resulted from a fall from a truck owned by United Grocers, Inc., and driven by its employee, Weise. She appeals from an order granting defendants' motion for summary judgment. We affirm.

We review the record in the light most favorable to plaintiff, the party opposing defendants' motion for summary judgment. *Seeborg v. General Motors Corporation*, 284 Or 695, 699, 588 P2d 1100 (1978). Plaintiff was a passenger on a United Grocers' truck for part of Weise's Prineville to Portland trip. Before accepting the ride, she signed a form that "release[d] United Grocers, Inc. or its agent from any and all liability which may arise as a result of my riding as a passenger to obtain emergency transportation."[1] She accompanied Weise to Sandy, where she stopped to visit friends. Weise picked her up on his return trip to Prineville a few hours later. Shortly thereafter, she fell from the truck and suffered serious injury.

Defendants moved for summary judgment, contending that plaintiff had released them from all liability. Plaintiff assigns error to the trial court's allowance of that motion. She argues that the release relieves defendants of liability *only if*

---

[1] In its entirety, the form reads:

"United Grocers, Inc.

"THIS FORM MUST BE COMPLETED BY ANYONE WHO IS A PASSENGER IN A UNITED GROCERS VEHICLE. WE ARE HAPPY THAT WE CAN BE OF SERVICE TO YOU.

"DATE_____
"TIME START_____
"TIME STOPPED_____

"FULL NAME_____
"ADDRESS_____
"CITY_____    STATE_____

"I HEREBY RELEASE UNITED GROCERS, INC. OR ITS AGENT FROM ANY AND ALL LIABILITY WHICH MAY ARISE AS A RESULT OF MY RIDING AS A PASSENGER TO OBTAIN EMERGENCY TRANSPORTATION.

"DRIVER'S SIGNATURE          PASSENGER'S SIGNATURE

"Driver please note:   Attach this completed form to your daily driving log."

she was "riding as a passenger to obtain emergency transportation." Therefore, she contends that the question of whether she was riding in order to obtain emergency transportation presents a genuine issue of material fact, precluding summary judgment. Defendants argue that the release relieves them from liability whenever a passenger who signs the release is injured while riding in a United Grocers vehicle. Because defendants' undisputed evidence conclusively established that plaintiff understood the scope and effect of the release, defendants contend, they were entitled to judgment as a matter of law.

■      A court must grant a summary judgment if there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. ORCP 47C.[2] We have said that

"the construction of a contract is a question of law for the court. The exception to that rule is that, *if the language in a contract is ambiguous, evidence may be admitted as to the intent of the parties*, and the determination of the parties' intent then is a question of fact. * * * However, whether the language of a contract is ambiguous is a question of law for the court. *A contract provision is ambiguous if it is capable of more than one sensible and reasonable interpretation*; it is unambiguous if its meaning is clear enough to preclude doubt by a reasonable person." *Mann v. Wetter*, 100 Or App 184, 188, 785 P2d 1064, *rev den* 309 Or 645 (1990). (Emphasis supplied; citations omitted.)

■      The form that plaintiff signed is capable of more than one sensible and reasonable interpretation and is, therefore, ambiguous. At its top, in conspicuous type, the form reads, "THIS FORM MUST BE COMPLETED BY ANYONE WHO IS A PASSENGER IN A UNITED GROCERS VEHICLE." It then provides:

"I HEREBY RELEASE UNITED GROCERS * * * FROM ANY AND ALL LIABILITY WHICH MAY ARISE AS A RESULT OF MY RIDING AS A PASSENGER TO OBTAIN EMERGENCY TRANSPORTATION."

---

[2] ORCP 47C provides, in relevant part:

"The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

The latter provision, when read by itself, could mean that defendants are released from liability *only if* the injured passenger needed "emergency transportation." However, the form appears to be for no other purpose than to release defendants. If only passengers riding in order to obtain emergency transportation have to release United Grocers, there could be no reason to require *all* passengers to sign the form. The form, viewed as a whole, can be construed to mean that everyone who signs it releases United Grocers from all liability while riding as a passenger in a United Grocers vehicle, regardless of the circumstances of the ride.

Because the release is ambiguous, the parties were entitled to present evidence as to its meaning and their intent. Defendants submitted two affidavits. In his affidavit, United Grocers' director of transportation stated that no non-employee could ride in a company vehicle without signing the release. Moreover, he said that United Grocers intended the release to apply to all passengers riding in one of its vehicles, regardless of the circumstances of the ride. In his affidavit, Weise said that he had explained to plaintiff that the form released him and United Grocers from any liability and that she acknowledged understanding the scope and effect of the release. Weise, who was then plaintiff's fiance, also said that plaintiff had ridden with him in a United Grocers' vehicle several times and, on each of those occasions, had signed the release. Plaintiff did not submit any counteraffidavits.

■    ORCP 47D provides, in relevant part:

"When a motion for summary judgment is made and supported as provided in this rule *an adverse party may not rest upon the mere allegations or denials of that party's pleading*, but the adverse party's response by affidavits or as otherwise provided in this section, must set forth specific facts showing that there is a genuine issue as to any material fact for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against such party." (Emphasis supplied.)

Because plaintiff did not present counteraffidavits, ORCP 47D required the trial court to accept defendants' assertions of fact as true. Defendants' evidence was that the release applied to plaintiff and that she knew that she was releasing defendants from all liability while she was riding in the truck.

Without any counter evidence from plaintiff, that evidence conclusively establishes that the parties understood the release to apply to any passenger who signed it, regardless of the purpose of the ride. ORCP 47D. Accordingly, the only remaining question is what is the legal effect of the release.

■    In her response to defendants' motion for summary judgment, plaintiff argued that, as a matter of public policy, exculpatory releases between corporations and individuals are void. However, we have held that an exculpatory release relieving a party from responsibility for negligence is enforceable, unless it contravenes public policy. *Mann v. Wetter, supra,* 100 Or App at 187. In the absence of a public policy, the rule applies, even if the release is between a corporation and an individual. Plaintiff failed to present any other public policy argument to the court below.[3] Accordingly, the release was valid and enforceable. Defendants were entitled to judgment as a matter of law.

Affirmed.

**RIGGS, J.,** dissenting.

The majority reaches the strained conclusion that the form signed by plaintiff is capable of more than one sensible and reasonable interpretation and is therefore ambiguous. That conclusion is wrong. The form is not ambiguous.

In reaching its conclusion, the majority ignores fundamental rules of interpretation. In interpreting an agreement, and thus in determining if it is capable of more than one reasonable interpretation, we are guided by these maxims: "If it can be done, the agreement should be interpreted to avoid inconsistencies and to give meaning to all of its terms," and "The specific governs the general." *Standley v. Standley,* 90 Or App 552, 556, 752 P2d 1284, *rev den* 306 Or 413 (1988); *see* ORS 42.230 and ORS 42.240. The majority violates these

---

[3] Plaintiff also argues that the release is void as a matter of law, because it is indefinite, imprecise and could be construed to release defendants from responsibility for reckless conduct. She also argues that it is ambiguous as to who is released. Finally, she argues that United Grocers is a common carrier and that common carriers cannot seek exculpation for negligence. She did not raise any of those arguments below, and we will not address them on appeal. *Howell v. Oregonian Publishing Co.,* 85 Or App 84, 86, 735 P2d 659, *rev den* 303 Or 699, 740 P2d 1212 (1987).

maxims. It interprets the form to create inconsistency, it fails to give meaning to the term "emergency transportation," and it allows the general term "anyone who is a passenger" to control the meaning of the specific term "a passenger [riding] to obtain emergency transportation." Its interpretation is, therefore, unreasonable and does not support a finding of ambiguity.

The majority creates ambiguity by finding an inconsistency between a statement at the top of the form and the release language at the bottom of the form. The majority supposes that there is no apparent reason to require all passengers to sign the form and, therefore, that its only purpose can be to provide a release from liability, regardless of the circumstances. There is no reason why the form cannot, for example, be assumed to serve the dual purpose of providing a record of passengers and releasing United Grocers from liability under the circumstances expressed in the release portion of the form.

Because the form is not ambiguous, extrinsic evidence of the parties' intent is inadmissible. ORS 41.740; *Jarrett v. U.S. National Bank*, 81 Or App 242, 246, 725 P2d 384 (1986), *rev den* 302 Or 476 (1987); *see also CH2M Hill Northwest, Inc. v. Parktel I, Inc.*, 107 Or App 461, 812 P2d 840 (1991). I would hold that defendants have not shown that there is no genuine issue of material fact and would reverse and remand for trial.

I dissent.