Argued and submitted April 24, 1992; resubmitted In Banc June 9, reversed and remanded August 25, 1993, reconsideration denied January 12, petition for review pending 1994

Marvin MOUSTACHETTI,
*Appellant,*

*v.*

STATE OF OREGON,
Fairview Training Center,
George Gray, and John Does 1-10,
*Respondents.*

(90C-10101; CA A69332)

858 P2d 487

Mark K. Grider, Salem, argued the cause and filed the brief for appellant.

Harrison Latto, Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

DURHAM, J.

Deits, J., concurring in part; dissenting in part.

## DURHAM, J.

Plaintiff appeals from a summary judgment for defendants. The trial court held that, under ORS 30.265 (3)(a), defendants are immune from plaintiff's claim for wrongful termination. We reverse.

Plaintiff worked at Fairview Training Center as a psychiatric security aide. Defendants are plaintiff's employer, a public body, and individuals who are employees or agents of the employer. In September, 1987, plaintiff's employer placed him on administrative leave and terminated him in January, 1988.[1] In September, 1987, plaintiff filed a workers' compensation claim for an on-the-job injury that he described as "stress." He asserted that the stress arose from problems with his job and from his suspension. SAIF concluded that plaintiff suffered from "emotional stress due to anxiety over his employment, suspension and termination" and accepted the claim. Claimant received time loss and payment for medical expenses.

In January, 1990, plaintiff filed a complaint for wrongful termination, alleging that defendants wrongfully terminated him with intent to cause severe emotional distress. Plaintiff sought damages for:

"severe emotional distress, sleeplessness, loss of control over his emotions, alienation of his friends and family, [and] diminution and damages to his self-confidence and self-esteem, all to his non-economic damage in an unspecified amount."

The trial court granted defendants' motion for summary judgment on the ground that there were no disputed issues of material fact and that, as a matter of law, defendants were entitled to immunity under ORS 30.265(3)(a). That statute provides in pertinent part:

"(3)   Every public body and its officers, employees and agents acting within the scope of their employment or duties * * * are immune from liability for:

"(a)   Any claim for injury to * * * any person covered by any workers' compensation law."

---

[1] Plaintiff was reinstated in December, 1988, with an award of back-pay as the result of a grievance arbitration award.

We examine the record in the light most favorable to the non-moving party to determine if there are no genuine issues of material fact and whether the moving party is entitled to judgment as a matter of law. ORCP 47C; *Poirier v. United Grocers, Inc.*, 110 Or App 592, 595, 824 P2d 1158, *rev den* 313 Or 210 (1992).

The controlling question is whether ORS 30.265 (3)(a) grants immunity to a public body and its agents for liability resulting from its *intentional* injury of a worker who is subject to a workers' compensation law. Plaintiff argues that ORS 656.156(2) preserves his right to bring the action even though he is a worker "covered" by the workers' compensation law. Defendant argues that the immunity applies to all claims by "persons" covered by the workers' compensation law and that plaintiff is such a "person."

■■ Our objective in construing ORS 30.265(3)(a) is to discern the legislature's intention. ORS 174.020. We must construe the statute as a whole to determine that intention.[2] The state enjoys immunity from "claims for injury to * * * any person covered by any workers' compensation law." The language requires us to resort to the workers' compensation law as an initial matter to determine who and what that law "covers."[3] When we interpret several related statutes, we should adopt such construction "as will give effect to all." ORS 174.010. In general, we "construe together statutes on the same subject as consistent with and in harmony with each other." *Davis v. Wasco IED*, 286 Or 261, 272, 593 P2d 1152 (1979).

---

[2] The partial dissent is flawed because it begins and ends its analysis with the term "person" in ORS 30.265(3)(a), and disregards the other key phrases, "claims for injury" and "covered by any workers' compensation law." In contrast, we choose to construe ORS 30.265(3)(a) as a whole and to give effect to every word and phrase, if possible. *Kankkonen v. Hendrickson et al*, 232 Or 49, 67, 374 P2d 393 (1962). The partial dissent does not explain how it can discern whether an injury claim is covered by workers' compensation law, and is, therefore, a claim for which the state is immune, without making any effort to interpret and apply the workers' compensation law, as the text of ORS 30.265(3)(a) contemplates.

[3] Coverage exists when the employer satisfies its duties under ORS 656.017 and thereby qualifies for the exclusive remedy protection in ORS 656.018. For purposes of ORS 30.265(3)(a), a claim is "covered" by the workers' compensation law even if, due to insufficiency of evidence or an error on the part of the claimant or the claimant's attorney, the Board rejects all or part of the claim or does not grant the requested relief.

The general policy of Oregon's Workers' Compensation Law, as expressed in ORS 656.012, is to require

"industry to bear the costs of injury or disease to workers, just as industry must do with respect to damage to machinery, and to avoid 'common law' litigation by granting to employers immunity against liability for 'compensable injuries,' ORS 656.018." *Dethlefs v. Hyster Co.*, 295 Or 298, 309, 667 P2d 487 (1983).

In *Wright v. Bekins Moving & Storage Co.*, 97 Or App 45, 49, 775 P2d 857, *rev den* 308 Or 466 (1989), we said:

"The workers' compensation system is purely a creature of statute and many of the provisions * * * involve political accommodations of the competing interests of employers and claimants and the need for an orderly litigation system."

The principal political accommodation compels the employee to give up the right to sue for negligence and the right to secure a potentially larger award of damages through a jury trial. The employer gives up its common law defenses to negligence and is exposed to liability regardless of fault for the limited compensation provided by statute.

However, with regard to an employer's intentional injury of an employee, the law strikes a different political accommodation. ORS 656.156(2) provides:

"If injury or death results to a worker from the deliberate intention of the employer of the worker to produce such injury or death, the worker, the widow, widower, child or dependent of the worker may take under this chapter, and also have cause for action against the employer, as if such statutes had not been passed, for damages over the amount payable under those statutes."

The statute grants statutory compensation to the employee injured through the deliberate intention of the employer *and* guarantees that the employee has the right to pursue a cause of action against the employer *as if the Workers' Compensation Law had never been passed.*

■    We construe ORS 30.265(3)(a) and ORS 656.156(2) together to give effect to each. *Davis v. Wasco IED, supra*, 286 Or at 272. Plaintiff's intentional tort claim is not "covered" by the workers' compensation law, within the meaning of ORS 30.265(3)(a), because ORS 656.156(2) preserves his

common law tort remedies and compels us to assume that the legislature did not enact a workers' compensation law regarding that claim.[4] We do not ascribe to the legislature an intention to immunize the state or its agents from liability for intentional torts committed within the scope of employment. *See Crosby v. SAIF*, 73 Or App 372, 376, 699 P2d 198 (1985), reaching the same conclusion under ORS 30.265(3)(c), which creates immunity for discretionary acts. *See also Clackamas Co. Fire Protection v. Bureau of Labor*, 50 Or App 337, 353, 624 P2d 141, *rev den* 291 Or 9 (1981).

Reversed and remanded.

**DEITS, J.,** concurring in part; dissenting in part.

I agree with the majority that the summary judgment for the individual defendants should be reversed, but for a different reason from the majority's. I would hold that the Oregon Tort Claims Act (OTCA) itself does not provide immunity for intentional acts that are outside the scope of an individual defendants' employment. Because of that, I believe that there are questions of fact concerning whether the individual defendants were acting outside the scope of their employment, and accordingly, summary judgment for them was not appropriate. In my view, however, summary judgment was properly granted to the defendant State of Oregon because, under my reading of the pertinent statutes, the state did have immunity.

ORS 30.265(3)(a) provides:

"(3)    Every public body and its officers, employees and agents acting within the scope of their employment or duties * * * are immune from liability for:

"(a)    Any claim for injury to * * * any person covered by any workers' compensation law."

---

[4] Despite the partial dissent's contrary suggestion, it is not mere coincidence that the scope of immunity under ORS 30.265(3)(a) parallels the immunity of employers from claims by injured workers under ORS 656.018 and ORS 656.156(2). Our construction of the two statutes effectuates the legislative intention that they be construed together to achieve a consistent application. The partial dissent's construction would defeat that consistency by immunizing the state from its intentional torts against its employees even though, as to those claims, we are bound to assume that the workers' compensation laws do not exist. ORS 656.156(2).

The majority concludes that, because plaintiff's tort claim is putatively not covered by the workers' compensation law,[1] ORS 30.265(3)(a) does not provide immunity to any of the defendants. In effect, the majority disregards the OTCA immunity provision and makes its analysis of the workers' compensation law the sole basis for deciding whether defendants have immunity from this OTCA claim.

The majority is wrong for a number of reasons. First, the majority's conclusion is contrary to the plain language of ORS 30.265(3)(a). That statute provides that public bodies and their officers, employees and agents are immune from liability for claims for injury to "any person covered by any workers' compensation law." Plaintiff acknowledges that he is a "person covered by the workers' compensation law." The majority recognizes that the statute gives immunity from claims by *persons* covered by workers' compensation. However, it concludes that, contrary to the plain words of the statute, what the legislature really meant to say is that immunity is available only when a person's *claim* is covered by the workers' compensation law.

The majority decides that it is necessary here to construe the immunity provision of the OTCA and ORS 656.156(2), the exception to immunity in the workers' compensation law, together. Interestingly, however, it does not look to or rely on the language or legislative history of the OTCA provision, but looks exclusively at the language and purposes of the workers' compensation law. Perhaps because of that, the majority's conclusion is completely inconsistent with the language of the OTCA. The immunity provided in ORS 30.265 applies to any claims for on-the-job injuries to "any *person* covered by any workers' compensation law." (Emphasis supplied.) The language of the statute does not limit the grant of immunity only to tort *claims* for injuries that are covered by workers' compensation.

---

[1] In fact, under usual workers' compensation parlance, the claim is covered. Plaintiff's argument and the majority's turn on the proposition, discussed below, that the claim is not compensable to the extent of the damages he sustained and that ORS 656.156(2) would allow him to bring a tort "claim" against his employer for damages in excess of the recovery he could obtain through a "claim" under the workers' compensation law. Therefore, they reason, the tort claim is not covered (or at least not fully) within the meaning of the statute. For purposes of my discussion only, I accept that proposition.

The majority concludes that its reading of the OTCA immunity provision is compelled by ORS 656.156(2), the workers' compensation law provision that excepts an employer's intentional acts from the exclusive remedy and immunity provisions of *that* law:

> "If injury or death results to a worker from the deliberate intention of the employer of the worker to produce such injury or death, the worker, the widow, widower, child or dependent of the worker may take under this chapter, and *also* have cause for action against the employer, as if such statutes had not been passed, for damages over the amount payable under those statutes." (Emphasis supplied.)

The majority appears to reason that, because plaintiff's *claim* against his employer comes within the language of ORS 656.156(2) and, if the employer were a private one rather than the state, it would therefore not be immune from a tort action, a parallel reading must be given to ORS 30.265(3)(a), despite the fact that its language is very different from that of ORS 656.156(2) and clearly vests the state with immunity from claims by *persons* covered by the workers' compensation law. That effort to give the two statutes a parallel interpretation is inappropriate because, in addition to the clear difference in their relevant language, there is no parallel in the purposes of the two statutes: ORS 30.265(3)(a) is one of the OTCA provisions that narrows the circumstances under which the state consents to be sued, while ORS 656.156(2) carves out an exception within the workers' compensation law itself to the general rule of that law that makes workers' compensation an employee's exclusive remedy and immunizes the employer from other remedies.

Given the fact that the ORS 30.265(3)(a) and ORS 656.156(2) have different purposes and contexts, there is no reason to strain their language, as the majority does, to make them say the same thing. The assumption that they were meant to coincide is wholly unwarranted and, by their clear terms, they do not coincide. ORS 30.265(3)(a) immunizes the defendants to whom it applies from any action for an injury to a person covered by workers' compensation. Plaintiff is covered and he, in fact, received compensation for his injuries. It is immaterial that his claim might be actionable under a

different statute that applies to different parties and circumstances. The majority's reading of the OTCA seems to be based on its policy decision that workers should be entitled to the same remedies against public and private employers. That may or may not be a good policy decision, but it is not one that the legislature chose to make in its adoption of the OTCA. I would hold that the summary judgment for the state was properly granted.

With respect to the individual defendants, however, I would hold that ORS 30.265(3)(a) does not provide immunity for intentional tortious conduct that falls outside "the scope of their employment or duties." We have answered the analogous question under ORS 30.265(3)(c), the "discretionary acts" immunity provision. In *Crosby v. SAIF*, 73 Or App 372, 376, 699 P2d 198 (1985), we rejected the defendant state agency's argument "that intentional torts that involve unlawful conduct can be immune under ORS 30.265(3)(c)." *See also Clackamas Co. Fire Protection v. Bureau of Labor*, 50 Or App 337, 353, 624 P2d 141, *rev den* 291 Or 9 (1981). The purposes of paragraphs (a) and (c) of the immunity statute are not precisely the same. *See* note 2, *infra*. However, their similarities are greater than their differences. To enjoy immunity under *any* of the paragraphs in ORS 30.265(3), public employees must have acted "within the scope of their employment or duties."

As a general proposition in employment law, an employee's intentional torts that, *inter alia*, are not aimed at serving the employer and are not of a kind that the employee was hired to perform are not within the scope of employment. *Chesterman v. Barmon*, 305 Or 439, 442, 753 P2d 404 (1988); *Dunn v. Gracia*, 95 Or App 150, 768 P2d 419, *rev den* 307 Or 719 (1989). I would hold that that general proposition is applicable in determining whether a public officer, employee or agent is immune under ORS 30.265(3)(a).[2] The structure of the Oregon Tort Claims Act supports that conclusion. Under ORS 30.285(1), public bodies have a duty to indemnify and defend officers, employees and agents for tort claims

---

[2] Arguably, as we suggested in *Crosby*, the test for discretionary acts immunity for intentional misconduct should be even more stringent. In addition to the scope of employment question, immunity under ORS 30.265(3)(c) may also turn on the proposition that there *can* be no discretion to act unlawfully.

arising out of "the performance of duty." However, subsection (2) makes the public body's duty of defense and indemnification inapplicable in cases of "willful or wanton neglect of duty." In *Stevenson v. State of Oregon*, 290 Or 3, 13, 619 P2d 247 (1980), the court characterized that statutory language as encompassing claims "based on aggravated misconduct." It would make no sense, and I decline to ascribe to the legislature the intent, to immunize under ORS 30.265(3) conduct that ORS 30.285(2) makes ineligible for the other protections of the OTCA.

Under my reading of the statute, there are questions of fact as to whether the individual defendants were acting within the scope of their employment or duties and, therefore, whether they are immune under ORS 30.265(3)(a). I agree with the majority that the summary judgment for those defendants was error. However, because the statute does not make the immunity of public bodies contingent on the scope of employment test, I would hold that the summary judgment for the state was proper.