Argued and submitted March 19, affirmed October 6, 1993

## CIMARRON WEST PROPERTIES, INC.,
an Oregon corporation,
*Appellant,*

*v.*

## LINCOLN LOAN CO.,
an Oregon corporation,
*Respondent.*

(9201-00374; CA A75721)

860 P2d 871

Gordon R. Hanna, Salem, argued the cause and filed the briefs for appellant.

Melinda B. Wilde, Portland, argued the cause and filed the brief for respondent.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

LEESON, J.

## LEESON, J.

Plaintiff appeals a judgment dismissing its complaint for failure to state a claim, ORCP 21A(8), and awarding defendant attorney fees and costs. We affirm.

We accept the facts alleged in the complaint as true for the purpose of this review. *Emmert v. O'Brien*, 72 Or App 752, 754, 697 P2d 222 (1985). Both plaintiff and defendant are Oregon corporations. In August, 1990, defendant sold plaintiff real property in Portland for $24,950. The parties used a pre-printed form entitled "Contract — Real Estate," on which they filled in a line providing for a down payment of $4,000 and added the following clause:

> "The remainder of the purchase price to-wit $20,950.00 to be paid in *regular monthly installments* of $230 *per month* including interest at the rate of twelve [*sic*] per cent per annum on the unpaid balance, said paymen[t]s to be made *on or before the 15th day of each and every month hereafter* beginning with the month of September, 1990 and continuing thereafter *for a period of five years* at which time the entire remaining unpaid principal balance shall be paid in full to[g]ether with any accrued interest thereon." (Emphasis supplied.)

The contract contained no separate prepayment clause. In January, 1992, plaintiff asked defendant to tell it the "payoff" amount due on the contract. Defendant refused, contending that the terms of the contract did not allow plaintiff to prepay. Plaintiff's president then sent defendant a copy of a cashier's check for the amount it believed would satisfy its payment obligation under the contract. It also sent a letter requesting a meeting to exchange the original of the cashier's check for defendant's deed to the property. Defendant did not respond.

Plaintiff brought this action for specific performance. Defendant moved to dismiss the complaint on the ground that the contract did not allow plaintiff to prepay the entire contract price. It also requested attorney fees. Plaintiff then moved for summary judgment. After a hearing, the trial court denied plaintiff's motion for summary judgment, granted defendant's motion to dismiss and awarded defendant attorney fees and costs.

Plaintiff assigns error to the order granting defendant's motion to dismiss and to the award of attorney fees and costs. Plaintiff contends that the complaint stated ultimate facts sufficient to constitute a claim, because it stated that plaintiff made tender of the full amount due and defendant nevertheless refused to surrender the deed.

■■ Whether a complaint states a claim is a question of law. *Hansen v. Anderson*, 113 Or App 216, 831 P2d 717 (1992). Defendant contends that the terms of the contract do not allow plaintiff to prepay and that, therefore, as a matter of law, plaintiff has not stated a claim. Plaintiff argues that the contract allows for prepayment, because it does not expressly prohibit prepayment and includes the phrase "on or before" in its payment terms.[1] Plaintiff relies exclusively on the written terms of the agreement and does not allege that the parties contemplated prepayment outside the terms of the agreement.

■■ The contract requires plaintiff to make a payment "on or before" the 15th day of "*each and every month* * * * for a period of five years*." (Emphasis supplied.) Essentially, plaintiff is asking us to apply the "on or before" phrase outside of its context to create a prepayment term. In interpreting a contract, our task is to attempt to give meaning to all of its terms, *Standley v. Standley*, 90 Or App 552, 752 P2d 1284, *rev den* 306 Or 413 (1988), not to focus on one term to the exclusion of others. Plaintiff had the opportunity to negotiate a contract with a prepayment clause, but it did not.[2]

---

[1] Plaintiff relies on *Phillips v. Johnson*, 266 Or 544, 514 P2d 1337 (1973), in support of its argument that the "on or before" language controls the entire clause. *Phillips* is inapposite. The clause in that case provided that the balance due under an earnest money was to be paid at " '$750.00 plus in. at 6% to be paid on *or before* July 30 – 1972 and $750.00 plus interest at 6% to be paid on *or before* July 30 – 1973 which will be final payment.' " 266 Or at 557-58. (Emphasis in original.) Nothing in the clause indicated the intent of the parties to create an installment contract with monthly payments of a specific amount over a specified period of time.

[2] As a general rule,

"a debtor has no right, without the consent of the creditor, to anticipate the payment of a debt payable at a future day, and bearing interest; nor may a creditor be compelled * * * to accept such a payment. *If a debt is payable in instal[l]ments at fixed dates, the instal[l]ments cannot be paid before their due dates unless the creditor consents to receive the prepayments.*

"*However, the agreement may expressly provide a prepayment option.*" 60 Am Jur 2d § 14. (Footnotes omitted; emphasis supplied.)

We will not rewrite the contract to reflect what plaintiff now wishes it had agreed to. The trial court did not err in dismissing plaintiff's complaint for failure to state a claim.

In the light of our disposition of the first assignment of error, we affirm the trial court's award of attorney fees to defendant.

Affirmed.