19 F.3d 1439
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Alvin Howard CANELL, Plaintiff-Appellant,
v.
OREGON DEPARTMENT OF CORRECTIONS; Clackamas County Sheriff;
Clackamas County Intake Center; Bill Brooks,
Clackamas County Sheriff, et al.,
Defendants-Appellees.
 No. 93-35620.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 8, 1994.*
Decided March 16, 1994.
As Amended May 4, 1994.
 
 Before: FLETCHER, BRUNETTI, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Oregon state prisoner Alvin Howard Canell appeals pro se the district court's stipulated order dismissing his 42 U.S.C. Sec. 1983 action against all defendants.[1] Canell sued the Clackamas County jail, the jail intake center, the jail food services director, Clackamas County Sheriff Bill Brooks, and Deputy W. Johnson (collectively "County defendants"). Canell also sued the Oregon Department of Corrections, and Corrections Transport Officer Beyers. Canell alleged improper deprivation of pork-free food and denial of access to the courts and to his legal files. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 Canell entered into a settlement agreement from which the district court subsequently entered its stipulated order of dismissal. Canell contends that the district court erred by dismissing his entire action pursuant to the agreement. Canell argues that the agreement dismissed his claims against only the County defendants leaving his claims against state defendant Officer Beyers still to be litigated.[2] The district court found that the offer of judgment accepted by Canell was made on behalf of all defendants and that the settlement agreement unambiguously provided that Canell agreed to dismiss his action against all defendants including Officer Beyers.
 
 
 4
 "The interpretation of a settlement agreement is governed by principles of state contract law. This is so even where a federal cause of action is settled or released." Botefur v. City of Eagle Point, Oregon, 7 F.3d 152, 156 (9th Cir.1993) (quotations and citations omitted). Oregon law provides that the existence of an ambiguity in a contract is a question of law. Oregon Sch. Employees Ass'n, Chapter 89 v. Rainier Sch. Dist. No. 13, 808 P.2d 83, 87 (Or.1991). We therefore review de novo the district court's finding that a contract is unambiguous. Botefur, 7 F.3d at 156-57.
 
 
 5
 "Unambiguous contracts must be enforced according to their terms. In determining whether an ambiguity exists, we are limited to the four corners of the document." Id. at 157 (quotation and citations omitted). "A contract provision is ambiguous if it is capable of more than one sensible and reasonable interpretation; it is unambiguous if its meaning is clear enough to preclude doubt by a reasonable person." Poirier v. United Grocers, Inc., 824 P.2d 1158, 1159 (Or.Ct.App.1992) (quotation omitted). A provision is not ambiguous simply because the parties disagree about its interpretation. Biomass One, L.P. v. S-P Construction, 852 P.2d 847, 850 (Or.Ct.App.1993). "There must be competing interpretations, each of which is reasonable." Id.
 
 
 6
 Here, the settlement agreement provides in relevant part:
 
 
 7
 This Agreement and Release is executed between ALVIN HOWARD CANELL ("Canell") and the CLACKAMAS COUNTY SHERIFF'S DEPARTMENT AND CLACKAMAS COUNTY, OREGON, their agents, employees, deputies and elected officials ("County"). The parties desire to settle and compromise their dispute regarding Canell's assertion of improper conditions at the County Jail, all as specified and set forth in U.S. District Court Case No. 92-772-PA: Alvin Howard Canell v. Oregon Dept. of Corrections, Clackamas County Jail, et al.
 
 
 8
 For and in consideration of payment of the sum of One Thousand and No/100 Dollars ($1,000.00), the receipt of which is hereby acknowledged, the undersigned being of legal majority, does hereby release, acquit and forever discharge Clackamas County, the Clackamas County Sheriff's Department, their agents, employees, deputies and elected officials, from any and all claims, demands, costs, expenses, and attorney fees arising out of those matters set forth in the Complaint filed by the undersigned in U.S. District Court Case No. 92-772-PA. Canell agrees to dismiss that action against all defendants pursuant to the FRCP 68 Offer of Judgment made by the defendants on January 25, 1993.
 
 
 9
 Our review of this agreement supports the district court's finding that it unambiguously provides for dismissal of the entire action as to all of the defendants. Specifically, the provision that "Canell agrees to dismiss the action against all defendants pursuant to the FRCP 68 Offer of Judgment" is clear enough to preclude doubt by any reasonable person as to its meaning. See Poirier, 824 P.2d at 1159.
 
 
 10
 Moreover, the district court's stipulated order of dismissal states that "[b]ased upon the stipulation of the parties, as evidenced by the signatures below; IT IS HEREBY ORDERED that this action is dismissed with prejudice, and without costs." Canell signed this stipulated order. Accordingly, the district court properly dismissed the action against all of the defendants, including Officer Beyers.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court's stipulated order of dismissal was filed on February 16, 1993. On April 16, 1993, Canell filed a motion to "re-open" the case. The district court denied this motion on June 14, 1993, and judgment was entered dismissing the action with prejudice on the same day. Canell timely filed his notice of appeal from the judgment on June 28, 1993
 
 
 [2]
 Canell's claims against the Oregon Department of Corrections were dismissed on sovereign immunity grounds. Canell does not challenge that dismissal