[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
CT Page 6934
Timothy Brignole for plaintiff.
Howd Ludorf for defendant.
FACTUAL BACKGROUND
Local Boy Scout Troop 260 constructed a rope bridge at a Craft Fair held on the Town of Suffield Center Green, in Suffield, Connecticut. The general public was invited to use the rope bridge. The plaintiff, Eric Bahre, age nine, fell while crossing the rope bridge, breaking his arm. The plaintiff seeks to hold the defendant, the Long Rivers Council, liable on a theory of vicarious liability for any negligent acts of local Boy Scout Troop 260.
The Long Rivers Council had no participation in or knowledge of the rope bridge display. However, local Troop 260 was engaged in recruiting and had both Boy Scouts and adult Boy Scout Troop leaders dressed in the official Boy Scout uniform. There were also posters demonstrating the Boy Scout motto, as well as Boy Scout recruiting pamphlets.
The defendant, Long Rivers Council, has moved for summary judgment, asserting that it did not own, maintain, supervise, or control the rope bridge from which the plaintiff fell, and that local Troop 260 and its members were not agents, employees, or servants of the defendant. The plaintiff, Erie Bahre, opposes this motion to the extent that he claims an agency relationship did exist between local Troop 260 and the defendant, Long Rivers Council.
DISCUSSION
A motion for summary judgment should be granted if the pleadings and affidavits show that there are no genuine issues of material fact in dispute and the movant is entitled to judgment as a matter of law. Practice Book § 384; Scrapchansky v. Plainfield, 226 Conn. 446, 450, 627 A.2d 1329
(1993). On a motion for summary judgment, the movant has the burden to show that there are no genuine issues of fact in dispute. Plouffe v. NewYork, N.H. H.R. Co., 160 Conn. 482, 488, 280 A.2d 359 (1971). "To satisfy his burden, the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." Fogarty v. Rashaw, 193 Conn. 442, 445,476 A.2d 582 (1984). "To oppose a motion for summary judgment successfully, the nonmovant must recite specific facts which contradict those stated in CT Page 6935 the movant's affidavits and documents." Connecticut National Bank v. GreatNeck Development Co., 215 Conn. 143, 148, 574 A.2d 1298 (1990). "In deciding the motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Johnson v.Meehan, 225 Conn. 528, 535, 626 A.2d 244 (1993). "The standard for determining whether the moving party has met the burden of proof, is whether a party would be entitled to a directed verdict on the same facts, State v. Gogin, 208 Conn. 606, 616, 546 A.2d 250 (1988). "In Connecticut, a directed verdict may be rendered only where, on the evidence viewed in the light most favorable to the non-movant, the trier of fact could not reasonably reach any other conclusion than that embodied in the verdict as directed." United Oil Company v. Urban RedevelopmentCommission, 158 Conn. 364, 380, 260 A.2d 596 (1969).
The defendant in this case asserts that there is no issue of material fact regarding the existence of an agency relationship between the defendant and Troop 260. Agency is defined as "the fiduciary relationship which results from manifestation of consent by one person to another that the other shall act on his behalf and subject to his control, and consent by the other so to act . . ." Restatement (Second), 1 Agency § 1.See McLaughlin v. Chicken Delight, Inc., 164 Conn. 317, 322,321 A.2d 456 (1973). "Thus, the three elements required to show the existence of an agency relationship include: (1) a manifestation by the principal that the agent will act for him; (2) acceptance by the agent of the undertaking; and (3) an understanding between the parties that the principal will be in control of the undertaking." Botticello v.Stefanovicz, 177 Conn. 22, 25, 411 A.2d 16 (1979), (citing Restatement (Second), 1 Agency § 1, comment b (1958)); see also Long v. Schull,184 Conn. 252, 256, 439 A.2d 975 (1981).
The existence of an agency relationship is generally a question of fact. See Fuessenich v. DiNardo, 195 Conn. 144, 159, 487 A.2d 514 (1985);Beckenstein v. Potter Carrier, 191 Conn. 120, 133, 464 A.2d 6 (1983);Botticello v. Stefanovicz, 177 Conn. 22, 26, 411 A.2d 144 (1976); Conte v.Dwan Lincoln-Mercury, Inc., 172 Conn. 112, 124, 374 A.2d 144 (1976). Questions concerning the creation of an agency relationship are also ones of fact. Frigon v. Enfield Savings Loan Assn., 195 Conn. 82, 85,486 A.2d 630 (1985). See also Rosenblit v. Danaher 206 Conn. 125;537 A.2d 145 (1988). "However, if `the facts necessary to establish the existence of an agency relationship simply do not exist,' summary judgment is appropriate." Kosloff v. Fairfield County Council of Boy Scouts ofAmerica, Inc., 8 CSCR 1094 (1993), (citing Law v. Contento, Superior Court, Judicial District of Stamford/Norwalk at Stamford, Docket No. 0114884 (March 6, 1992, Rush, J.)).
One of the factors listed by the Second Restatement of Agency in CT Page 6936 assessing whether such a relationship exists is whether the alleged principal has the right to direct and control the work of the agent. See
1 Restatement (Second) Agency §§ 14, 220. In addition, "[a]n essential ingredient of agency is that the agent is doing something at the behest and for the benefit of the principal." Leary v. Johnson, 159 Conn. 101,105-106, 267 A.2d 658 (1970).
The plaintiff has submitted affidavits and depositions in support of the fact that the Long Rivers Council has the right to control and was benefited by the actions of local Troop 260 at the time of the incident. To support the "right to control" contention, the plaintiff has submitted the depositions of Douglas Stone, Arthur Sikes, and Lawrence Quinn, and the affidavit of Lisa Bahre. The premise of the plaintiffs argument is as follows. At the time of the incident, Troop 260 was engaged in recruiting activity (affidavit of Lisa Bahre; deposition of Lawrence Quinn, p. 30) and members of the Troop were wearing the official Boy Scout uniform (affidavit of Lisa Bahre). The Long Rivers Council has certain rules pertaining to recruiting practices and the wearing of the official Boy Scout uniform (deposition of Arthur Sikes, p. 21; deposition of Douglas Stone dated January 5, 1994, p. 54), and those rules can be enforced by the Council (deposition of Douglas Stone dated January 5, 1994, p. 67) and failure to follow such rules can result in a revocation of the local Troop's charter (deposition of Douglas Stone dated January 5, 1994, p. 57-62). In support of the "benefit" contention, the plaintiff has submitted the deposition of Douglas Stone. The plaintiff's argument on this point is that one of the jobs of the Council is to oversee membership of the local Troops because it is important that the Boy Scout program maintains membership. (deposition of Douglas Stone dated January 5, 1994, p. 70). The Council sets membership goals for the Troops (Stone deposition, p. 72) and the recruiting activity at the time of the incident was furthering these goals.
There have been several cases nationally which address the issue of whether local or national Boy Scout councils can be held liable for the acts of local Troops or Troop leaders. Jurisdictions across the country have found that there is no liability on the part of the Boy Scouts of America or its local council. In Wilson v. St. Louis Area Council, BoyScouts of America, 845 S.W.2d 568 (Mo.App.E.D. 1992), the trial court granted summary judgment in favor of the defendants where the parents of a scout who was killed brought an action against the local council. At the time of the accident, the plaintiff's son was on a trip with the local Boy Scout troop. He was electrocuted when a pipe with which he was playing came in contact with power lines. The Court in that case found that, as a matter of law, the troop leaders were not agents of the local council. That finding was based on the facts that local councils did not direct or control the activities of troops, and that troops were not required CT Page 6937 to get permission from the local council before participating in an activity. Based on these facts, the Court concluded that ". . . there was no evidence that [the local council] either controlled or had theright to control the leaders' activities on the trip . . ." Id. at 571 (emphasis added).
In Mauch v. Kissling, 56 Wash. App. 312, 783 P.2d 601 (1989), the parents of a deceased scout brought an action against the Boy Scouts of America and its local council for the death of their son. The scout was a passenger when the plane noted by his troop leader crashed. The court held that there was simply no evidence presented by the plaintiff that either the Boy Scouts of America or the local council consented to or had control of the scout leader's actions. The Court found, furthermore, that there was evidence to the contrary.
In McGarr v. Baltimore Area Council, Boy Scouts of America, Inc.,74 Md. App. 127, 536 A.2d 728 (1988), a mother and her scout son brought an action against the troop scout leader and the local council of boy scouts for injuries incurred by the scout when he fell over a cliff while on a scout-sponsored camping excursion. The Court found no error with the trial court's conclusion that the local council was not vicariously liable for the negligence of the scout leader. The Court based this determination on the fact that the local council did not chose or in any way directly supervise the scoutmaster, stating only that ". . . in these circumstances, it is generally held that the council is not vicariously liable for the negligence of the scoutmaster." Id. at 735.
In Davis v. Shelton, 304 N.Y.S.2d 722 (1969), the plaintiff sought to hold the local council vicariously liable where a scout was injured failing out of a tree. At the time of the injury, the scout was on a camping trip with his troop. The Court upheld the trial court's determination that the local council was not liable, noting that it exercised no supervision or control over the activities of the local troop. The decision of the Court in this case was based in large part on the fact that the plaintiff presented only conclusory affidavits of counsel, which primarily repeated the allegations in the complaint, in opposition to the summary judgment motion.
In M.L. v. Civil Air Patrol, 806 F. Sup. 845, (1993); and Dunn v.Gracia, 95 Or. App. 150, 768 P.2d 419 (1989), the courts refused to hold either the Boy Scouts of America or their local council vicariously liable for Scoutmasters or other Troop leaders who sexually molested scouts during troop activities. In M.L., the Court found that the plaintiffs did not present any evidence to indicate that the Boy Scouts of America manifested the necessary control over the scout leader support CT Page 6938 a theory of respondeat superior. In Dunn, the Court declined to decide the question of the existence of an agency relationship. The Court instead found that, assuming an agency relationship had existed, the scout leader's sexual misconduct was, as a matter of law, not within the scope of that relationship. The Court concluded its opinion by reiterating the fact that it chose not to decide whether there was a right to control on the part of the Boy Scouts or its local council.
Though most of the relevant precedent has supported non-liability of local council, there are cases in which do not hold that as a matter of law that the Boy Scouts of America or the local council has no liability for the actions of the troop leader. In the only Connecticut case on the issue, Kosloff v. Fairfield County Council of Boy Scouts of America, Inc.,8 CSCR 1094 (1993), the plaintiff brought suit against the local Boy Scout council after being injured at a roller-skating event sponsored by the local council. The defendant council moved for summary judgment. That motion was denied due to the fact that the defendant's supporting documentation did not address the plaintiffs argument that the local council had a right to control the individual scout packs or their leaders.
In Riker v. Boy Scouts of America, 183 N.Y.S.2d 484 (1959), the appellate court upheld a jury verdict against the Boy Scouts of America, Saratoga County Council. In this case, a spectator attending Scout-O-Rama was injured when struck by a failing flag which had been negligently hung by the local Cub Scout pack leader. The Court stated that ". . . there appears to be no reason why the [local council] should not be held responsible . . ." This conclusion was based on the fact that the event was sponsored and directed by the local council, which charged admission for the event.
While the court finds the reasoning of the aforementioned cases persuasive, none of them directly address the issue at hand. That issue is whether right of control enjoyed by the Long Rivers Council over recruiting activities and the wearing of the official Boy Scout uniform is sufficient or insufficient, to find as a matter of law, that an agency relationship does or does not exist. There are several cases which find no liability on the part of the local council or the Boy Scouts of America. In each of those cases, the court's determination was based not on a concrete rule of law dictating non-liability, but on a lack of evidence with which to find an agency relationship. By pointing to that lack of evidence, those courts have certainly left open the possibility that, if evidence of control or the right to control were presented, vicarious liability could be found. This possibility is seen even more clearly inKosloff v. Fairfield County Council of Boy Scouts of America, Inc., supra and Riker v. Boy Scouts of America, supra, both of which support the fact CT Page 6939 that the local council can, under some circumstances, be held vicariously liable for the actions of its troop leaders.
None of the cases mentioned are directly on point for the case at hand. In those cases finding no vicarious liability, the courts were faced with a lack of evidence in opposition to summary judgment. In this case, the plaintiff has presented evidence which tends to support the contention that Long Rivers Council had the right to control both recruiting activity and any activity where the official Boy Scout uniform was worn. In those cases supporting vicarious liability, there is no determination made as to whether being engaged in recruiting or wearing the official uniform is enough, as a matter of law, to the requisite control or right to control needed for an agency relationship to exist.
While the evidence presented by the plaintiff may not be dispositive of the issue of agency, it does create some question as to facts which bear materially on the outcome of this case. Therefore, this Court cannot rule that, as a matter of law, no agency relationship existed between the Long Rivers Council and Local Troop 260. For this reason, the defendant has failed to meet its burden of proving that no material issue of fact exists.
The defendant's motion for summary judgment is denied.
Michael R. Sheldon Judge